An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1104

Filed: 5 May 2015

Cleveland County, Nos. 13 CRS 789, 50720

STATE OF NORTH CAROLINA

v.

NICHOLAS STANRICK JEFFERIES, Defendant.

Appeal by defendant from judgments entered 15 November 2013 by Judge William R. Bell in Cleveland County Superior Court. Heard in the Court of Appeals 22 April 2015.

> *Roy Cooper, Attorney General, by Ryan C. Zellar, Assistant Attorney General, for the State.*

> *Staples Hughes, Appellate Defender, by Jillian C. Katz, Assistant Appellate Defender, for defendant-appellant.*

STEELMAN, Judge.

The trial court erred in allowing examination of witnesses concerning defendant's prior criminal convictions where defendant did not testify. Where defendant failed to demonstrate that, absent this error, a different result would have been reached, any error was not prejudicial.

I. Factual and Procedural Background

On 20 January 2013, John Stearns (Sgt. Stearns) was working as a shift sergeant at the Cleveland County Detention Center in Shelby, North Carolina. One of the deputies he was supervising was Corporal Steven Norris (Cpl. Norris), who was overseeing Deputies Adam D. Ridings, Adam McSwain, Natasha Knox, and Cristopher Baird, who were assigned to clean the "D Pod" of the facility. This task entailed opening each cell, instructing the occupant to mop the cell, removing trash, and inspecting for contraband. At the time, Nicholas Stanrick Jefferies (defendant) was housed in D Pod. Defendant was removed from his cell and became agitated, and officers returned him to his cell. Deputies then heard something break, and reopened the cell to conduct a search for contraband.

Defendant was again removed from his cell, and instructed to wait in a vacant cell. He refused, and instead sat down on a bench. Deputies placed defendant in an arm-bar hold, secured him, and took him to the vacant cell. This cell had a flap on the door, which allowed officers to pass items through the door or to remove handcuffs. Defendant spat on Sgt. Stearns through the door. Defendant subsequently lit a fire in the cell.

Defendant was indicted for burning of a public building, malicious conduct by a prisoner for spitting on Sgt. Stearns, and being an habitual felon. At trial, the State was permitted to amend the charge of burning a public building to attempted burning of a public building.

On 15 November 2013, the jury found defendant guilty of malicious conduct by a prisoner, and guilty of habitual felon status, but not guilty of attempted burning of a public building. The trial court sentenced defendant to an active sentence of 50-72 months imprisonment.

Defendant appeals.

## II. Standard of Review

"Evidentiary errors are harmless unless a defendant proves that absent the error a different result would have been reached at trial." *State v. Ferguson*, 145 N.C. App. 302, 307, 549 S.E.2d 889, 893, *disc. review denied*, 354 N.C. 223, 554 S.E.2d 650 (2001).

## III. Prior Conviction Testimony

In his sole argument on appeal, defendant contends that the trial court erred by allowing the State, over objection, to ask a defense witness about defendant's prior convictions, when defendant did not testify. We hold that any error was not prejudicial.

Although defendant, in his objections, did not specifically assert a rule of evidence, it is clear from the record that his objections were made pursuant to Rule 609 of the North Carolina Rules of Evidence. Rule 609 provides an exception to the typical rule precluding evidence of a defendant's bad acts, by allowing certain convictions to be admitted for the purpose of impeaching a defendant's credibility.

However, our Supreme Court has held that, "although Rule 609 may permit certain evidence of a defendant's prior conviction to be admitted if the defendant testifies, . . . it is error to admit evidence of the defendant's prior conviction when the defendant does not testify[.]" *State v. Badgett*, 361 N.C. 234, 247, 644 S.E.2d 206, 214 (citations omitted), *cert. denied*, 552 U.S. 997, 169 L. Ed. 2d 351 (2007). In the instant case, although defendant offered evidence, he did not testify, and as such, the trial court erred in admitting the evidence of his prior conviction.

Although the trial court erred, the error is harmless unless defendant demonstrates that, absent the error, a different result would have been reached at trial. *Ferguson*, 145 N.C. App. at 307, 549 S.E.2d at 893. At trial, the questions to which defendant objected pertained to his prior convictions for involuntary manslaughter, common law robbery, possession with intent to sell and distribute cocaine, and larceny.

Since it was clear from the nature of the charge and testimony that defendant's alleged malicious conduct occurred at the Cleveland County jail, where defendant was incarcerated on previous charges, we cannot discern that a different result would have occurred had the evidence of his prior convictions not been placed before the jury.

NO PREJUDICIAL ERROR.

Judges STEPHENS and McCULLOUGH concur.

Report per Rule 30(e).